```
               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

LOSONJI M. SPENCER, INDIVIDUALLY
AND NEXT FRIEND OF LAQUINTA SPENCER,
A MINOR, ELIZABETH SPENCER, A MINOR                       PLAINTIFF


VS.                              CIVIL ACTION NO. 3:06CV257TSL-JCS


THE CITY OF JACKSON, MISSISSIPPI;
BOBBY NICHOLS, INDIVIDUALLY, AND IN
HIS OFFICIAL CAPACITY AS A DULY
COMMISSIONED POLICE OFFICER IN THE
CITY OF JACKSON, MISSISSIPPI; FRANK
MELTON, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS MAYOR OF THE CITY
OF JACKSON; SHIRLENE ANDERSON, INDIVIDUALLY
AND IN HER CAPACITY AS DULY COMMISSIONED AND
APPOINTED POLICE CHIEF OF THE CITY OF
JACKSON, MISSISSIPPI; AND JOHN AND
JANE DOES 1-5                                            DEFENDANTS


                    MEMORANDUM OPINION AND ORDER

    This cause is before the court on the motion of defendants City of Jackson, Mayor Frank Melton, Chief of Police Sherlene Anderson and City of Jackson Police Officer Bobby Nichols, to dismiss for immunity pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff Lasonji M. Spencer, individually and as next friend of LaQuinta Spencer and Elizabeth Spencer, minors, has responded in opposition to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes that the motion should be granted in part and denied in part, as set forth below.

    Following dismissal of charges brought against her by the City of Jackson for disturbing the peace, plaintiff brought this action for damages against the City, Mayor Melton, Police Chief

Anderson and Officer Nichols in their individual and official capacities, pursuant to § 1983 and state law, asserting claims of excessive force, false arrest and false imprisonment, and various other state tort claims.  Defendants seek dismissal of plaintiff's state law claims on the basis of the immunity provided under the Mississippi Tort Claims Act, and dismissal of her § 1983 claims against the City (including the claims against the mayor, chief of police and Nichols in their official capacities) on the basis that plaintiff has failed to allege a custom, policy or practice of the City which led to the alleged constitutional deprivations.

In her complaint, plaintiff alleges that on March 30, 2006, she received a phone call regarding a fight that was taking place between Brittany and Brand Atkinson and Nelia Jackson in front of the Atkinson home.  Plaintiff went to the house to retrieve her two daughters, fourteen-year old Elizabeth and fifteen-year old LaQuinta.  She alleges that as she was retrieving her two daughters from the Atkinson home, she noticed her three-year old son, George, in the street, surrounded by police officers.  She charges that as she was attempting to retrieve her son, an officer grabbed her, threw her to the ground and hand-cuffed her and, while she was on the ground, she was kicked several times by a white female officer.  The complaint further alleges that when her daughters attempted to come to her aid, LaQuinta was tackled, choked, handcuffed and forced to spend the night at the Youth Detention Center, and Elizabeth was grabbed by the neck and thrown, face first, to the pavement, handcuffed and put in a

2

police vehicle.  Plaintiff was charged with disturbing the peace, to which she pled not guilty.  Ultimately, the charges were dismissed.

The defendants in this cause of action are "employees" of the City of Jackson and the City of Jackson itself.  The Mississippi Tort Claims Act (MTCA) "provides the exclusive civil remedy against a governmental entity or its employees for acts or omissions which give rise to a suit."  Simpson v. City of Pickens, 761 So. 2d 855, 858 (Miss. 2000).  The City of Jackson is considered a governmental entity for the purposes of the MTCA. See Miss. Code Ann. § 11-46-1(g) & (i).  See also Gale v. Thomas, 759 So. 2d 1150, 1154 (Miss. 1999) (finding that the City of Jackson was a municipality for the purposes of MTCA).  Any suit alleging state law tort claims against the defendants in their individual capacity is subject to the MTCA and no recovery may be had against employees individually if they were acting within the course and scope of their employment when the alleged events giving rise to the cause of action occurred.[1]  Duncan v. Chamblee,

---

[1] The MTCA defines an "employee" as "any officer, employee, or servant of the State of Mississippi or a political subdivision of the state, *including* elected and appointed officials and persons acting on behalf of the state or a political subdivision in any official capacity, temporarily or permanently, in the service of the state or a political subdivision whether with or without compensation.  Miss. Code Ann. § 11-46-1(f).  The MTCA also provides:

> [T]he remedy provided by this chapter against a governmental entity or its employees is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity or its employee; . . . any claim made or suit filed against

3

757 So. 2d 946, 949 (Miss. 1999).  Defendants argue that while the MCTA represents a waiver of immunity for certain tort claims, Mississippi Code Annotated § 11-46-9(1)(c) and (d) provide exceptions to the MTCA waiver of immunity for the claims brought by plaintiff herein.  These provisions state:

> (1) a governmental entity and its employees acting in the course and scope of employment or duties *shall not* be liable for any claim:
> . . .
> (c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well being of any person not engaged in criminal activity at the time of injury;
>
> (d) Based on the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.

In their motion, defendants offer a very different version of events than that described in plaintiff's complaint.  Defendants state that on May 31, 2005, Officer Bobby Nichols was dispatched to 3606 Hollywood Avenue in response to a call reporting that several individuals at that location were fighting, using profane

---

> a governmental entity or its employees to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter, notwithstanding the provisions of any other law to the contrary.

Miss. Code Ann. § 11-46-7(1)(emphasis added).  Finally, in regards to personal liability of employees, the statute provides that "an employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." Miss. Code Ann. § 11-46-7(2)(2001)(emphasis added).

4

language and causing a disturbance. Defendants assert that he arrived to find a large crowd of citizens surrounding several individuals he observed as being loud and boisterous, one of whom was LaSonji Spencer. Officer Nichols called for backup units, given the size and aggressive nature of the crowd, and directed that all non-involved persons disperse. He then began to question two of the persons involved in the altercation, including Spencer, in an attempt to resolve the matter. Spencer, according to defendants' version, refused to comply with Officer Nichols' commands to stop being loud and boisterous and attempted to flee when he advised her she was under arrest. He called for assistance from the backup officers across the street to detain the fleeing Spencer. At that time, Spencer's daughters became loud and boisterous and attempted to interfere with the officers who were attempting to arrest their mother. Both daughters were arrested and transported to the Hinds County Youth Detention Center, though neither was charged. Spencer was charged, arraigned and pled not guilty to disturbing the peace, and the case proceeded to trial on June 8, 2005. However, because Officer Nichols was unavailable at that time, having been ordered to attend National Guard duty, the charges against Spencer were dismissed.

Defendants argue that there is no factual or legal basis for any reasonable person to conclude that the officers acted without probable cause for the arrest of plaintiff and her daughters, and that plaintiff therefore has stated no cognizable claim for

5

relief. However, defendants' argument appears to be based on their own version of the facts, and since the case is before the court on what defendants themselves purport to recognize as a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is bound to accept the facts as they are alleged in plaintiff's complaint.[2]  See Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 246-247 (5th Cir. 1997) (on Rule 12(b)(6) motion, "complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true").  "The district court may not dismiss a complaint under rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957)).  See also id. ("This strict standard of review under rule 12(b)(6) has been summarized as follows: 'The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states

---

[2] Not only have defendants offered *no evidence* in support of their version of events, but they have not purported to move for summary judgment and instead explicitly declare that "[a] Rule 12(b)(6) motion is the proper vehicle to test the legal sufficiency of the claims stated in the Compliant [sic]."  They then go on to argue that "accepting Plaintiffs [sic] pleaded allegations as true," "[t]here is no factual or legal basis for any reasonable person to conclude that the Defendants acted without probable cause for the arrest of the Plaintiffs."  Yet the version of the facts they offer as supporting their conclusion that no reasonable person could find a lack of probable cause *is their own version of events*, not the facts alleged by plaintiff. In fact, defendants do not even acknowledge the facts alleged in the complaint but rather present their motion as though theirs is the only version of the facts.  The flaws in their presentation are manifest.

any valid claim for relief.'") (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969)).  The question here, therefore, is not whether defendants would have immunity under the MTCA if the facts were as claimed by defendants, but rather whether defendants have immunity based on the facts *as alleged by plaintiff in her complaint.*  In the court's opinion, they do not.

According to plaintiff's complaint, neither she nor her daughters were even arguably engaged in any criminal activity at the time they were arrested and they certainly did nothing that would have warranted *any* use of force against them, much less the excessive force that was used by the officers.  To accept the facts alleged by plaintiff means to accept that the officers, although engaged in activities relating to police protection, acted in reckless disregard of plaintiff and her daughters' safety and well being.  Likewise, assuming that the officers had no arguable reason to believe plaintiff or her daughters were properly subject to arrest or detention and had no arguable basis for using force against them, then there would be no immunity under the discretionary function exception to the MCTA's waiver of immunity.  The court simply cannot conclude in the context of the present motion to dismiss, i.e., on the basis of the facts alleged by plaintiff, that defendants are immune under the MCTA.

The City of Jackson argues that plaintiff's § 1983 claim against it must be dismissed because plaintiff has not alleged that the charged constitutional deprivations resulted from an

7

official policy, custom or practice of the City, and no such policy, practice or custom is alleged expressly or by implication. A review of her complaint confirms the City's position.  Plaintiff does not allege that any policymaker for the City participated in the alleged incident, or that the alleged wrongful conduct was the result of the policies and/or customs of the City of Jackson.  On the contrary, it appears from plaintiff's allegations that she is seeking to hold the City liable based on respondeat superior, as she alleges that the Chief of Police, as the City's chief law enforcement officer, "was granted and possessed the powers of supervision and management over all other police officers of the Police Department of the City of Jackson," and as such, "was responsible for ensuring that her agents, servants, and employees, including Officer Nichols and Defendants John and Jane Does 1-5, obeyed the laws of the State of Mississippi and the United States."  "A municipality like the City cannot be held liable for violating [a person's] due process rights under the theory of respondeat superior.  [Rather], a municipality like the City can only be held liable under 42 U.S.C. § 1983 if a municipal policy or custom caused a constitutional tort." Anderson v. City of Dallas, 116 Fed. Appx. 19, 31, 2004 WL 2428638, 10 (5th Cir. 2004) (citing Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S. Ct. 2018 (1978)).  The City, and each of the defendants in their official capacities, are therefore due to be dismissed.

Based on the foregoing, it is ordered that defendants' motion to dismiss is well taken as to the § 1983 claims against the City

and defendants in their official capacities.  The motion is otherwise denied.

SO ORDERED this 31st day of July, 2007.

                                             /s/ Tom S. Lee
                                             UNITED STATES DISTRICT JUDGE